

Thomas A. Aceituno
P.O. Box 189
Folsom, CA 95763-0189
Telephone: (916) 985-6486
Fax: (916) 985-7373

Bankruptcy Trustee

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re, | Case No. 09-24547-D-7 |
| LAURENCE R. NICHOLSON | DCN: TAA-2 |
| JOYCE V. NICHOLSON | DATE: September 30, 2009 |
| | TIME: 10:00 AM |
| | DEPT.: D |
| Debtor(s) | |

## OBJECTION TO CLAIMS OF EXEMPTION AND DECLARATION OF THOMAS A. ACEITUNO

THOMAS A. ACEITUNO, the duly appointed trustee in the above matter, objects to the the debtors' claims of exemption in the assets listed below:

1. The Debtor herein filed bankruptcy on March 16, 2009. I am the duly appointed Trustee for the Bankruptcy Estate.

2. In their initial schedules filed in the case, Debtors listed an interest in certain shares of stock described as follows: *"25 shares (50% ownership) in Applied Science Inc. (worthless). The corporation has $468,711 in assets – not counting equity. The total liability of the corporation is $860,725.00. Retained earnings of [negative] 419,270)"*. (Hereafter referred to as the "Stock"). The

Debtors placed a value of $0.00 on this asset. The asset was not listed and therefore not claimed as exempt on the initial Schedule C filed March 16, 2009.

3. At the meeting of creditors held on April 20, 2009 both Debtors testified that they had signed the petition and schedules, that they had read the petition and schedules before they signed them, that the information on their petition and schedules was true and correct, and that there were no changes or omissions to report. During this meeting, I asked the Debtors several questions related to the operation of the corporation. Laurence Nicholson again testified that *"There is no value because the corporation owes considerable amount of money"*. He further reported that he was not drawing an income from the corporation, but that he was taking money from the corporation in the form of a "loan to shareholder", thereby increasing the corporate liabilities.

4. As a result of this testimony and my review of the petition and schedules and additional information provided by the Debtors, I concluded the creditor meeting on May 4, 2009 and filed a Trustee's Report of No Distribution.

5. On or about June 5, 2009, creditor Karen Tyner filed an Objection to Chapter 7 Trustee's Determination of No Distribution. In the opposition, Tyner reported that *"ASI, at the direction and under the control of Debtor Laurence R. Nicholson, is undertaking an appraisal process that is intended to determine the value of [the ASI stock]"*. Mr. Nicholson made no reference to this appraisal process during the meeting of creditors, nor in any other communications received by my office.

6. I immediately contacted Ms. Tyner's counsel, Van C. Durrer II. As a result of this contact, I received an offer from Ms. Tyner to acquire the stock held by the estate for a minimum price of $5,000. The offer included the stipulation that the offer was subject to overbids at the time of hearing, and that the offer would be increased to include any additional amount of a valid claim of exemption made by the Debtors.

7. I filed a Motion for Sale of Assets Free and Clear of Liens (TAA-1) on July 28, 2009. The motion is set for hearing on August 18, 2009. The motion was duly served on the Debtors and their counsel, Helga White.

8. On July 30, 2009, the Debtors counsel apparently filed an Amended Schedule C (hereafter the First Amended Schedules). The amendment does not include an Amendment Cover Sheet. No signatures appear on the amendment, neither from the Debtors nor their counsel. Therefore, there is no evidence on the docket that the Debtors reviewed this amendment and approved it before it was filed with the court. In the First Amended Schedules, the Debtors assert a value and make a claim of exemption in the Stock in the amount of $19,949.00 based upon California Code of Civil Procedure Section 703.140(b)(5). The amendment was obviously filed as a result of the offer to acquire the stock which I had arranged despite the Debtors' repeated representations that the Stock was "worthless".

9. On July 31, 2009, the Debtors counsel apparently filed a second Amended Schedule C (hereafter the Second Amended Schedules). Again, the amendment does not include an Amendment Cover Sheet. No signatures appear on the amendment, neither from the Debtors nor their counsel. Therefore, there is no evidence on the docket that the Debtors reviewed this amendment and approved it before it was filed with the court. In the Second Amended Schedules, the Debtors again assert that the value of the stock is "$0.00" however, they make a claim of exemption in the Stock in the amount of $19,949.00 based upon California Code of Civil Procedure Section 703.140(b)(5) plus an additional $2,075 based upon California Code of Civil Procedure Section 703.140(b)(6). The amendment was again obviously filed as a result of the offer to acquire the stock which I had arranged despite the Debtors' repeated representations that the Stock was "worthless". The Second Amended Schedules attempt to increase the claim of exemption by adding the reference to the provision of the California exemption statutes which deal generally with "tools of the trade".

10. Based on these two "amendments", Debtors are attempting to recover a total of $22,024 for an asset which they represented on several occasions was "worthless".

For the reasons above, I pray for an order of the Court disallowing any claim of exemption with respect to the Stock described above.


DATED: August 12, 2009              /s/ Thomas A. Aceituno


## DECLARATION

I, Thomas A. Aceituno, hereby declare under penalty of perjury:

1. I am the duly appointed Trustee of the estate above.

2. I have reviewed all of the above and it is true and correct and if called I would so testify.


DATE: August 12, 2009              /s/ Thomas A. Aceituno