FILED
October 07, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002983861

Thomas A. Aceituno
PO Box 189
Folsom, CA 95763-0189
Telephone: (916) 985-6486
Email: trustee@acetrustee.com

Bankruptcy Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In Re,

LAURENCE R. NICHOLSON,

JOYCE V. NICHOLSON,

    Debtor(s)

Case No. 09-24547-D-7

DCN: TAA-3
DATE: November 10, 2010
TIME: 10::00 AM
DEPT.: D

MOTION FOR SALE OF ASSETS

I, Thomas A. Aceituno, (the "Trustee") appointed as Chapter 7 Trustee to administer the estate (the "Estate") of debtors Laurence R. Nicholson and Joyce V. Nicholson (the "Debtors") hereby move, pursuant to 11 U.S.C. §§ 363(b) and 363(m), (the "Motion") for an order authorizing the sale of certain interests described below to Jonathan Morgan ("Mr. Morgan") or his designee (Mr. Morgan or his designee, the "Buyer") pursuant to the terms of the agreement filed herein as Exhibit A (the "Agreement"):

1. The Debtors filed the above-captioned case on March 16, 2009.
2. The Estate owns an undivided fifty percent (50%) tenancy in common interest in certain real property located in the City of Grass Valley, County of Nevada, State of California, commonly known by the street address of

983 Golden Gate Terrace and identified as Assessor's Parcel Number 09-540-17-000 (such undivided fifty percent tenancy-in-common interest, the "Property").

3. The Debtors have made no claim of exemption in the Property.

4. The essential terms of the agreement are as follows:

   (a) The purchase price for the Property shall be as follows:

   i) Ten Thousand and 00/100 Dollars ($10,000.00); plus

   ii) One half of any amount to which Mr. Morgan may be entitled in connection with any disallowance of the Debtor's claimed exemption in certain shares of Applied Science, Inc. ("ASI"), which shares were purchased by Mr. Morgan pursuant to the *Order on Trustee's Motion for Sale of Assets*, [Docket No. 66], dated August 19, 2009; plus

   iii) The Buyer's promise to cause ASI and Karen Tyner to release any and all claims against the Estate, including, prepetition loans that Mr. Nicholson borrowed from ASI in the amount of at least $122,075.20.

   (b) The Buyer will take title to the Property subject to and/or assume any and all valid, existing deed(s) of trust securing the existing promissory note(s) and all other liens and encumbrances of record.

   (c) The Buyer will cover all costs associated with the sale, including property taxes due and owing and closing costs.

5. The Trustee believes that his business judgment to sell the Estate's interest in the Property as described in this motion is well-justified for several reasons. First, the first priority mortgage on the Property is in default and subject to imminent foreclosure, yet the Buyer is willing to purchase the Estate's interest in the Property subject to all outstanding liens of record. Second, the Estate will not bear any transactions costs, as the Buyer will satisfy those. Third, Mr. Morgan has agreed to surrender to the Estate half

of any recovery he receives in the event that the Court ultimately disallows certain exemptions by the Debtors. Fourth, the Estate is presently subject to valid loans incurred by Mr. Nicholson with ASI in the amount of at least $122,075.20, and which the Buyer will cause to be released, enhancing the potential dividend to other creditors in this case. The Trustee views these various forms of consideration as valuable and in the best interests of creditors.

6. ASI anticipates effectuating certain corporate transactions in the near future, including the modification or refinance of certain loans, which loans are secured by the Property. In order to avoid delay in effectuating the corporate transaction and the attendant potential harm to ASI, the Trustee requests that the Court waive any stay that might apply to an order on this Motion under Bankruptcy Rule 6004(h) or otherwise, such that any order on this Motion will be effective immediately upon entry.

WHEREFORE, the Trustee respectfully requests that the Court enter an order authorizing the Trustee to sell the Property to the Buyer, pursuant to the terms of the Agreement and granting such other and further relief as is just and proper.

Date: October 7 2010         /s/ Thomas A. Aceituno
                             Chapter 7 Trustee

### DECLARATION OF THOMAS A. ACEITUNO

I, Thomas A. Aceituno, hereby declare under penalty of perjury:

1. I am the chapter 7 trustee appointed in the above-captioned matter;

2. I have reviewed all of the foregoing and it is true and correct and if called I could and would competently testify thereto.

Date: October 7, 2010         /s/ Thomas A. Aceituno
                              Chapter 7 Trustee