

FILED
October 27, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003032473

Van C. Durrer (Cal. Bar No. 226693)
Ramon M. Naguiat (Cal. Bar No. 209271)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: van.durrer@skadden.com

Attorney for Creditors Karen Tyner and
Applied Science, Inc.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>LAURENCE R. NICHOLSON AND<br>JOYCE V. NICHOLSON,<br><br>                 Debtors. | CASE NO.: 09-24547-D-7<br><br>CHAPTER 7<br><br>**Evidentiary Objection to Declarations of Ronald Milner, Ralph Calhoun, Bob Britts, Dana Demerjian, Laurence Nicholson and Joyce Nicholson Submitted on October 9, 2009**<br><br>DCN: TAA-2<br>Date: November 10, 2010<br>Time: 10:00 a.m.<br>Department: D<br>Courtroom: 34<br>Judge: Hon. Robert S. Bardwil |

Karen Tyner ("Ms. Tyner"), as director of Applied Science, Inc. ("ASI") and as representative of the estate of Cliff Tyner, deceased, and ASI (together with Ms. Tyner, the "Creditors") hereby file this objection (the "Objection") to certain declarations submitted in support of the debtors Laurence R. Nicholson and Joyce V. Nicholson (the "Debtors")'s claimed exemption in certain shares of ASI. The Creditors object, as discussed below, to the declarations of Ronald Milner, Ralph Calhoun, Bob Britts, Dana Demerjian, Laurence Nicholson and Joyce Nicholson, each filed on October 9, 2009 pursuant to the Court's order of September 30, 2009.

1. Declaration of Ronald Milner Filed in Support of Debtors' Opposition to Trustee's Objection to Claims of Exemption [Docket No. 91] (the "Milner Declaration").

Evidentiary Objection

<u>Relevance, Fed. R. Evid. 401</u>

The Milner Declaration has no bearing on any issue relevant to a determination of whether the exemption was claimed in good faith.

<u>Character Evidence, Fed. R. Evid. 403</u>

To the extent that the Milner Declaration was submitted with respect to the character of Laurence Nicholson for the purpose of proving action in conformity therewith, it is inadmissible.

2. Declaration of Ralph Calhoun Filed in Support of Debtors' Opposition to Trustee's Objection to Claims of Exemption [Docket No. 92] (the "<u>Calhoun Declaration</u>").

<u>Relevance, Fed. R. Evid. 401</u>

The Calhoun Declaration has no bearing on any issue relevant to a determination of whether the exemption was claimed in good faith.

<u>Character Evidence, Fed. R. Evid. 403</u>

To the extent that the Calhoun Declaration was submitted with respect to the character of Laurence Nicholson for the purpose of proving action in conformity therewith, it is inadmissible.

3. Declaration of Bob Britts Filed in Support of Debtors' Opposition to Trustee's Objection to Claims of Exemption [Docket No. 93] (the "<u>Britts Declaration</u>").

<u>Relevance, Fed. R. Evid. 401</u>

The Britts Declaration has no bearing on any issue relevant to a determination of whether the exemption was claimed in good faith.

<u>Character Evidence, Fed. R. Evid. 403</u>

To the extent that the Britts Declaration was submitted with respect to the character of Laurence Nicholson for the purpose of proving action in conformity therewith, it is inadmissible.

4. Declaration of Dana Demerjian Filed in Support of Debtors' Opposition to Trustee's Objection to Claims of Exemption [Docket No. 94] (the "<u>Demerjian Declaration</u>") and Exhibit A to the Demerjian Declaration (the "<u>Valuation</u>").

<u>Relevance, Fed. R. Evid. 401</u>

The Demerjian Declaration and accompanying Valuation have no bearing on any issue relevant to a determination of whether the exemption was claimed in good faith or the valuation of the underlying shares as of the date of the schedules and/or the date of the claimed exemption.

<u>Authentication, Fed. R. Evid. 901</u>

There is no admissible evidence with respect to what individual prepared the Valuation, the purpose for which it was prepared or received, who might have

received it and whether it accurately describes the work performed or the value of such work.

Inadmissible Hearsay, Rule 802

The Valuation is inadmissible hearsay to the extent it is offered to prove the truth of the matters asserted therein.

Opinion Testimony by a Lay Witness, Rule 701

To the extent that the Demerjian Declaration purports to offer opinion testimony regarding content of the Valuation, the evidence of the declarant's professional and/or educational experience is insufficient, and the Creditors objection to Dana Demerjian's admission as an expert witness unless a more comprehensive curriculum vitae can be produced.

Insufficient Basis for Expert Testimony, Rule 702

To the extent that the Demerjian Declaration purports to be expert testimony endorsing the conclusions reached in the Valuation, the testimony (1) is not based upon sufficient facts or data, as Dana Demerjian admits to reviewing only the information included in the Valuation and so cannot testify as to the accuracy of any of the data contained therein and (2) is not the product of reliable principles and methods as no testimony was proffered with respect to the principles and methods employed in producing the Valuation.

5. Declaration of Laurence R. Nicholson Filed in Support of Debtors' Opposition to Trustee's Objection to Claims of Exemption [Docket No. 96] (the "Larry Declaration").

Relevance, Fed. R. Evid. 401

Paragraphs 3 – 8 and 13-18 of the Larry Declaration have no bearing on any issue relevant to a determination of whether the exemption was claimed in good faith.

Opinion Testimony by a Lay Witness, Rule 701

Paragraphs 12, 14 and 18 of the Larry Declaration purport to make a legal conclusion.

6. Declaration of Joyce V. Nicholson Filed in Support of Debtors' Opposition to Trustee's Objection to Claims of Exemption [Docket No. 97] (the "Joyce Declaration").

Relevance, Fed. R. Evid. 401

The Joyce Declaration has no bearing on any issue relevant to a determination of whether the exemption was claimed in good faith.

WHEREFORE, the Creditors respectfully request that the Court exclude as inadmissible the Milner Declaration, the Calhoun Declaration, the Britts Declaration, the Demerjian Declaration, the Valuation, the Larry Declaration and the Joyce Declaration and granting such other and further relief as is just and proper.

Date: October 27, 2010

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   */s/ Ramon M. Naguiat*
       Van C. Durrer II (SBN 226693)
       Ramon M. Naguiat (SBN 209271)
       300 South Grand Avenue, Suite 3400
       Los Angeles, California 90071
       Telephone: 213-687-5000
       Facsimile: 213-687-5600

Attorney for Creditors Karen Tyner and ASI