Filed 10/27/10     Case 09-24547     Doc 126



```
FILED
October 27, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003032472
```

Van C. Durrer (Cal. Bar No. 226693)
Ramon M. Naguiat (Cal. Bar No. 209271)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: van.durrer@skadden.com

Attorney for Creditors Karen Tyner and
Applied Science, Inc.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>LAURENCE R. NICHOLSON AND<br>JOYCE V. NICHOLSON,<br><br>                Debtors. | CASE NO.: 09-24547-D-7<br><br>CHAPTER 7<br><br>**STATEMENT OF DISPUTED FACTS IN CONNECTION WITH OBJECTION TO CLAIMS OF EXEMPTION AND REPLY TO LIMITED OPPOSITION TO REQUEST FOR HEARING ON REMANDED OBJECTION TO CLAIMS OF EXEMPTION**<br><br>DCN:        TAA-2<br>Date:       November 10, 2010<br>Time:      10:00 a.m.<br>Department: D<br>Courtroom: 34<br>Judge:     Hon. Robert S. Bardwil |

Karen Tyner ("Ms. Tyner"), as director of Applied Science, Inc. ("ASI") and as representative of the estate of Cliff Tyner, deceased, and ASI (together with Ms. Tyner, the "Creditors") hereby file this statement (the "Statement") of disputed material facts in connection with the pending objection to claims of exemption in accordance with Rule 9014-1(f)(1)(ii) of the Local Rules of Practice of the United States Bankruptcy Court, Eastern District of California (the "Local Rules") and reply to the Limited Opposition to Request for Hearing on Remanded Objection to Claims of Exemption [Docket No. 122] (the "Opposition") filed by debtors Laurence R. Nicholson ("Mr. Nicholson") and Joyce V. Nicholson (together with Mr. Nicholson, the "Debtors").

# PRELIMINARY STATEMENT

This matter comes before the Court on remand following the Creditors' successful appeal to the 9th Circuit Bankruptcy Appellate Panel (the "BAP"). The BAP issued its mandate on July 16, 2010. *In re Nicholson*, pg. 13 (9th Cir. BAP 2010). Thereafter, the chapter 7 trustee (the "Trustee") requested that the Court conduct a further hearing in connection with the Trustee's underlying objection to claims of exemption. Objection to Debtors' Claim of Exemptions Filed by Trustee Thomas A. Aceituno [Docket No. 53] (the "Exemption Objection"), in which the Creditors timely joined before the appeal. Joinder to Objection to Debtors' Claim of Exemptions Filed by Interested Party Karen Tyner [Docket No. 59].

By this Statement, the Creditors have timely requested an evidentiary hearing with respect to the Exemption Objection. In the Opposition, the Debtors urge that the Court treat the evidentiary record as closed, but the Local Rules do not contemplate such relief, nor do the Debtors offer any precedential justification for it. Rather, the Debtors mischaracterize the mandate of the BAP and unjustifiably complain that the Creditors have had multiple "bites at the apple." To the contrary and consistent with the Local Rules, an evidentiary hearing would aid the Court's consideration of this matter because (a) there are clearly disputes of material fact; (b) neither party ever had any opportunity to take discovery or cross-examine witnesses in connection with the Court's consideration of the evidence and (c) neither party ever had any opportunity to argue the merit of any evidentiary objections or the weight of any evidence adduced. Accordingly, an evidentiary hearing is required.

# BACKGROUND

On July 29, 2010, the BAP made three (3) findings with respect to this Court's memorandum opinion (the "Opinion") on October 22, 2009 [Docket # 100]:

a. The BAP held that the correct standard in determining whether the Debtors acted in bad faith was the preponderance of evidence standard. *In re Nicholson*, pg. 13 (9th Cir. BAP 2010).

b. The BAP vacated the Court's 2009 Opinion because it concluded that by applying the proper standard, the Court could have found that the Debtors claimed an exemption in bad faith. *Id.*, pg. 21. Specifically, the BAP determined that "[u]nder the totality of the circumstances, the

1 bankruptcy court could have found, by a 'preponderance of the evidence,' that the debtors concealed the value of the shares from the trustee." *Id.*, pg. 21, lns 15-18.  The Debtors' delay in claiming the exemption, the BAP noted, "may have been a deliberate attempt by Nicholson to gain an economic or tactical advantage at the expense of his creditors." *Id.*, pg. 23, lns 16-18.

    c.    The BAP held that while the Court did not abuse its discretion in denying Creditors' request for an evidentiary hearing under the circumstances where the Debtors had failed to serve their responsive papers on the Creditors and the Creditors had failed to file this Statement, the Court could, in the exercise of its discretion under the circumstances now extant, revisit its determination as whether an evidentiary hearing is appropriate. *Id.*, pg. 27, lns 15-17.  The BAP thus left open the possibility of an evidentiary hearing, which has never been conducted with respect to the Exemption Objection.

    The Trustee timely requested a hearing, and the Creditors hereby have timely requested that the Court schedule an evidentiary hearing, with respect to the Exemption Objection

## STATEMENT OF DISPUTED FACTS

1.    The Creditors respectfully request an evidentiary hearing.  The Creditors request that the initial hearing on this matter be conducted as a status conference for purposes of discussing discovery deadlines, submissions of further briefing and evidence, and the date of the evidentiary hearing.  <u>See</u> General Order 02-01.

2.    Pursuant to Local Rule 9014-1(f)(1)(ii), the Creditors do not consent to the Court's resolution of disputed material factual issues pursuant to Federal Rules of Civil Procedure 43(c) as made applicable by Federal Rule of Bankruptcy Procedure 9017.  The Creditors hereby file their separate statement identifying each disputed material factual issue.  Such issues include:

    a. Whether the Debtors were aware or believed that their shares in ASI had value prior to filing their schedules.

        i. Evidentiary basis: this evidence is material because it is probative of whether Debtors claimed an exemption in bad faith.  This fact is in dispute because Debtors allege that they believed the shares to be worthless at the time of filing on March 16, 2009.  Objection to Claims of Exemption and

| | |
|---|---|
| 1 | Declaration of Thomas A. Aceituno [Docekt No. 53]. Mr. Nicholson claims that the value of the shares came from the relationship between ASI and Pall Medical. Opposition by Debtors to Trustee's Objection to Debtors' Exemptions [Docket No. 69]. However, this relationship began even before Debtors filed their schedules. In an e-mail allegedly from Nicholson, dated March 6, 2009, Nicholson discusses with Pall Medical the potential for lucrative contracts. *In re Nicholson*, pg. 7. |

b. Whether the Debtors' amended claim of an exemption in the ASI shares was a deliberate attempt to gain an economical or tactical advantage at the expense of their creditors.

　　i. this evidence is material because it is probative of whether Debtors claimed an exemption in bad faith.

　　　　1. Prior to July 28, 2009, Debtors repeatedly claimed that their shares were "worthless." Objection to Claims of Exemption and Declaration of Thomas A. Aceituno [Docekt No. 53]. On April 27, 2009 Mr. Nicholson proposed to purchase Ms. Tyner's ASI shares for valuable consideration. Declaration of Karen Tyner in Support of the Objection to Claims of Exemption [Docket No. 85]. This appears inconsistent with Debtor's claims that the shares were worthless.

　　　　2. On May 5, 2009, following the Section 341 Meeting concluded the previous day, the Trustee submitted a report of no distribution. (This report was later withdrawn on July 21, 2009 [Docket No. 34]).

　　　　3. Around July 3, 2009 Mr. Nicholson allegedly authored some typewritten notes ("Notes") which suggest that Nicholson was intentionally hiding the value of the company from the Court and the Trustee. ("Play [Tyner's] objection low. . . . If we know that the

3

present value of the shares is worth something, . . . then the court may say we conspired to conceal the value that the trustee should have known. Quiet is the word. . . . Too much information may cause the Trustee to dig deeper and find out about the Pall discussions.") Declaration of Jonathan G. Morgan in Support of the Objection to Claims of Exemption [Docket No. 88]. The handwritten block letters at the top of the Notes seems to match the handwritten block letters in the memo line (not the cursive script) of certain checks signed by Mr. Nicholson. Declaration of Jamie Tyner in Support of Objection to Debtors' Claim of Exemptions [Docket No. 84]. Mr. Nicholson has never denied his authorship of the Notes.

4. On July 28, 2009 the Trustee proposed selling the shares for $5,000. Two days later, Debtors claimed that their shares were worth $19,949 and argued that any buyer of their shares would have to pay at least that amount for the shares. Opposition/Objection Filed by Debtors Re: Motion/Application to Sell [Docket No. 62]. Debtors allege that their revaluation of the shares was in response to improved business prospects and was unrelated to the Trustee's proposed sale. Trustee alleges that "the amendment was . . . obviously filed as a result of the offer to acquire the stock despite the Debtors' repeated representations that the Stock was 'worthless.'" Objection to Claims of Exemption and Declaration of Thomas A. Aceituno [Docket No. 53].

c. Whether the Debtors acted in connection with the claim of an exemption in the ASI shares to mislead the Trustee as to the value of the ASI shares and profit by such deception. See above.

**ARGUMENT IN RESPONSE TO THE OPPOSITION**

In the Opposition, the Debtors offer two justifications for the Court to deem the record closed. As noted above, the Court should reject both, and conduct a status conference to schedule further proceedings on the Exemption Objection consistent with the Local Rules.

First, the Debtors mischaracterize the BAP's mandate. Specifically, the Debtors contend that the BAP "reinforced the original conclusion by this Court that there was sufficient evidence to render a ruling." Opposition, pg. 2. This is not accurate. This Court ordered an imperfect remedy (the post-hearing submission of competing declarations) to attempt to address the problem created when the Debtors unjustifiably refused to serve the Creditors with their papers in response to the Exemption Objection. In its holding, the BAP ruled that the Court "may, in the exercise of its discretion, determine whether an evidentiary hearing is appropriate." The Court does not exercise this discretion in a vacuum, but under the rubric of the Local Rules. Under the Local Rules, the Creditors have amply and timely demonstrated the disputed issues of material fact above. Against that backdrop (which, due to the Debtors' failure of service last year, did not previously exist), the Court should conduct an evidentiary hearing.

Second, the Debtors contend that the Creditors have had "two (2) bites at the apple to persuade a court that the evidentiary record should be reopened." Opposition, pg. 3. This is likewise not accurate. As a matter of fact, when the Creditors first argued to the Court that the record required further development through discovery or cross-examination, the Court did in fact permit additional evidentiary submissions. In other words, the process that the Debtors would term the first "bite" was indeed successful, as the Court directed the supplementation of the record. On appeal (presumably the second "bite"), as noted above, the BAP remarked that the Court was free to exercise its discretion to conduct an evidentiary hearing. Since remand, and in the absence of any failures of service of pleadings by the Debtors, the Creditors have been able to file this Statement timely, so there are no procedural hurdles to the conduct of the evidentiary hearing.

Under the circumstances, the Court should exercise its discretion to hold an evidentiary hearing for the simple reason that the Court has never had the benefit of the parties' presentation as to what the evidence is, and is not (following a proper schedule for the submission of evidentiary

5
Reply and Statement of Disputed Facts

1 objections) before ruling.  This is critical because the Court is weighing whether a debtor improperly 2 manipulated the system and mislead a chapter 7 trustee to obtain an economic advantage, yet the 3 Court has never had an opportunity to view the demeanor of the debtor which is the Court's exclusive 4 province.  Notably, the Debtor never denied that it authored the mysterious "Notes" that spell out the 5 scheme at issue here.  Whether the Debtors acted in subjective bad faith to "game" the system are 6 precisely the matters that are uniquely appropriate to evidentiary hearings.

7    It is of no moment an evidentiary hearing may be inconvenient to the Debtors.  They 8 voluntarily elected this process and this Court.  The Creditors respectfully request that the Court hold 9 an evidentiary hearing so that the evidence can be fully presented and considered.

Date: October 27, 2010

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   /s/ Ramon M. Naguiat
      Van C. Durrer II (SBN 226693)
      Ramon M. Naguiat (SBN 209271)
      300 South Grand Avenue, Suite 3400
      Los Angeles, California 90071
      Telephone:  213-687-5000
      Facsimile:  213-687-5600

      Attorney for Creditors Karen Tyner and ASI